IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH R. TALLEY, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 23-982 (MN) |
| JUDITH C. HORN, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Kenneth R. Talley, Janice A. Talley, and Kristina Karen Talley, Milton, DE – Pro Se Plaintiffs.

Judith C. Horn and Darren W. Horn, Sr., Westmoreland, NH – Pro Se Defendants.

July 9, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiffs Kenneth R. Talley, Janice A. Talley, and Kristina Karen Talley, proceeding *pro se*, filed this lawsuit against Kenneth and Janice's daughter, Judith C. Horn, and Judith's husband, Darren W. Horn, Sr. (D.I. 1). Plaintiffs' allegations arise from a dispute over the ownership of a home, and related state-court litigation. Defendants, also proceeding *pro se*, have filed a motion to dismiss. (D.I. 14).

## I.     BACKGROUND

In their September 6, 2023 Complaint, Plaintiffs bring a Fifth Amendment claim under 42 U.S.C. § 1983, a claim for violation 18 U.S.C. § 242, and several state law claims, including conspiracy, fraud and misrepresentation, elder abuse, and intentional infliction of emotional distress. They seek damages and injunctive relief.

In a previous case, including a complaint nearly identical to the current Complaint, Plaintiffs sued Judith and Darren Horn as well as several others. *Talley v. Horn*, No. 23-324-MN. That case was dismissed based on a lack of subject matter jurisdiction because: (1) some of the Defendants were Delaware residents, like the Plaintiffs; (2) some of the Defendants enjoyed judicial immunity; (3) Plaintiffs' failure to state a federal claim; and (4) the Court's declination of the exercise of supplemental jurisdiction over the state-law claims. *See Talley v. Horn*, 2024 WL 474845 (D. Del. Feb. 7, 2024). In that case, the Court noted that Plaintiffs were challenging two judgments against them related to the home ownership dispute, including an ejectment order, that before filing the federal case, Plaintiff had appealed to the Delaware Supreme Court and that appeal remained pending. *Id.* at *1. The Court noted that Defendants had suggested that jurisdiction was lacking pursuant to the *Rooker-Feldman* Doctrine, but the Court declined to apply that doctrine because "[w]hen the Complaint was filed in this action, . . . Plaintiffs' appeal to the Delaware Supreme Court of the Delaware Superior Court's ejectment order was pending." *Id.* at *3 n.2.

1

On August 14, 2023, *i.e.*, before the filing of the Complaint in this matter, the Delaware Supreme Court affirmed the ejectment order. *See Talley v. Horn*, 303 A.3d 338 (Del Supr. Ct. 2023).

## II.     LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017).

## III.    DISCUSSION

The *Rooker-Feldman* doctrine precludes federal court consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine applies when four requirements are met: (1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgment, (3) that judgment issued before the federal suit was filed, and (4) the plaintiff invites the district court to review and reject the state-court judgment. *Phila. Entm't & Dev. Partners, LP v. Dep't of Revenue*, 879 F.3d 492, 500 (3d Cir. 2018) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). Here it is clear that Plaintiffs seek review of at least two state-

court judgments which they lost – the Chancery Court judgment holding that Kenneth and Janice Talley have no interest in the property at issue and the Delaware Superior Court's ejectment order which has been affirmed by the Delaware Supreme Court – before this case was filed. The injuries complained are the result of the state-court judgments, and this case has been filed in an attempt to undo those state-court judgments. Accordingly, the *Rooker-Feldman* doctrine applies, and this Court will dismiss this matter for lack of subject matter jurisdiction.

## IV.     CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss. Amendment is futile.

An appropriate Order will be entered.