IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH R. TALLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-982 (MN) |
| | ) | |
| JUDITH C. HORN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

At Wilmington, this 17th day of March 2026;

This pro se case filed by Kenneth R. Talley ("Mr. Talley"), Janice A. Talley (now deceased) ("Mrs. Talley") and Kristina Karen Talley ("Ms. Talley") against pro se Defendants Judith C. Horn and Darren W. Horn, Sr. comes back to this Court by Mandate issued on April 18, 2025 by the Third Circuit Court of Appeals. (D.I 23). The Third Circuit held, in part:

> We will therefore affirm the dismissal of the § 1983 claims.
>
> It also appears that the District Court may have diversity jurisdiction to consider the remaining state law claims, see 28 U.S.C. § 1332. We will vacate the judgment to the extent that it dismissed the state law claims, and remand for the District Court to determine in the first instance whether diversity jurisdiction exists, and, if so, whether the state law claims have merit.

(D.I. 23). The Third Circuit noted that the Horns have raised the timeliness of service of process in their motion to dismiss but did not press the issue on appeal leaving the issue to be decided by this Court. (D.I. 23-1 at 5). Additionally, the Third Circuit denied a motion, with leave to refile in this Court, seeking substitution of Ms. Talley, as Mrs. Talley's estate representative, in for Mrs. Talley.

Presently before the Court are the following motions filed by pro se Plaintiffs:

1.    Motion for Substitution and Motion to Allow Expert Evidence (D.I. 24);

2.    Petition for En Banc Review (D.I 26);

3.    Petition for Panel Rehearing (D.I. 27); and

4.    Motion Demanding a Jury Trial (D.I. 28).

Taking each motion in turn, the Court will grant the motion to substitute party and deny the remainder of the motions.

**Motion for Substitution and Motion to Allow Expert Evidence (D.I. 24)**.  In this motion, Kristina Talley seeks to be substituted in as the estate representative for her mother, Janice Talley who passed away on December 10, 2024.  Exhibit B in the Appendix is a form Affidavit **Alternate Short Certificate for Small Estates** signed by Ms. Talley stating that she is the Executrix of Mrs. Talley's will.  (D.I. 25, Ex. B).

Pursuant to Rule 25 of the Federal Rules of Civil Procedure:

> **Rule 25. Substitution of Parties**
> (a) DEATH.
> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

In checking the docket in the Third Circuit case, the Court notes that the original motion for substitution was timely filed in the Third Circuit and, as that court denied the motion with leave to re-file the motion in this Court, it will be granted.

Plaintiffs' Motion to Allow Expert Evidence will be denied with leave to renew.  In this motion, Plaintiffs seeks to have "neurological and forensic psychological evidence . . . included in the judicial review and court record."  (D.I. 24 at 8).  As the Court has yet to determine if diversity

jurisdiction exists, if the state law claims have merit or rule on the merits of Defendants' motion to dismiss, the request to allow expert evidence is premature.

**Petition for En Banc Review (D.I 26) and Petition for Panel Rehearing (D.I. 27)**. In these motions, Plaintiffs seeks relief pursuant to the Federal Appellate Rules of Procedure. As such, they are not properly before this Court and therefore will be denied.

**Motion Demanding a Jury Trial (D.I. 28)**. As stated above, this Court has yet to determine if diversity jurisdiction exists, if the state law claims have merit or rule on the merits of Defendants' motion to dismiss. In any event, the Complaint contains a jury demand, meaning that if the Court has jurisdiction and if claims that are subject to the jury demand remain for trial, those surviving claims will be tried to a jury. Therefore, this motion will be denied as moot.

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Motion for Substitution and Motion to Allow Expert Evidence (D.I. 24) are GRANTED and DENIED with leave to renew, respectively. The Clerk of Court is directed to substitute Kristina Karen Talley as estate representative for Janice Talley.

2.  Petition for En Banc Review (D.I 26) is DENIED.

3.  Petition for Panel Rehearing (D.I. 27) is DENIED.

4.  Motion Demanding a Jury Trial (D.I. 28) is DENIED as moot.

The Honorable Maryellen Noreika
United States District Judge

3